UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
MAY 20 2011

| | |
|---|---|
| CHARLES P. FERRER,<br>PLAINTIFF, | CASE #: 3:11-CV-339- |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC;<br>TRANS UNION, LLC;<br>CHASE HOME FINANCE, LLC | JURY TRIAL DEMANDED |
| DEFENDANTS. | |

## COMPLAINT

Comes now the plaintiff Charles P. Ferrer, by counsel and files this complaint against the defendants and says as follows:

### PRELIMINARY STATEMENT

This is an action by a consumer seeking actual, statutory, and punitive damages, attorney fees and costs and for declaratory and injunctive relief for defendants violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

### JURISDICTION, VENUE and JURY DEMAND

1. This court has Federal Question jurisdiction, 28 U.S.C. § 1331, pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681p.

2. This is the proper venue because the plaintiff resides here, and the majority of the actions claimed happened within the confines of the Eastern District of Virginia. 28 U.S.C. § 1391(b) and (c).

3. The court has personal jurisdiction over the defendants because they regularly transact business here, such that they should expect to be hailed into court here.

4. TRIAL BY JURY IS HEREBY DEMANDED FOR ALL MATTERS SO TRIABLE. *See* Fed. R. Civ. P. 38 and U.S. Const. amend. VII

## PARTIES

5. Plaintiff is a natural person and a resident of the Commonwealth of Virginia

6. Plaintiff is a consumer as defined by the FCRA, 15 U.S.C. §§ 1681a(b) and (c).

7. Equifax Information Services, LLC, ("Equifax") is a Georgia Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

8. On information and belief, Equifax is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

9. On information and belief, Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

    a. Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

10. Trans Union, LLC, ("TransUnion") is a Delaware Limited Liability Company registered with the Virginia State Corporation Commission with a registered agent, and authorized to do business in the Commonwealth of Virginia.

11. On information and belief, TransUnion is a "Consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

12. On information and belief, TransUnion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumer residing nationwide:

    a. Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

13. Chase Home Finance, LLC ("Chase") is a Delaware Limited Liability Company that regularly does business in Virginia who may be served through the State Corporation Commission.

14. On information and belief, Chase regularly furnishes of information regarding consumers to Equifax and TransUnion.

## FACTS

15. In approximately October, 2006, Plaintiff obtained two mortgages through Chase Home Finance for his home in San Diego, CA.

16. In approximately January, 2009, Plaintiff entered into a contract to sell the property for less than the total amount due to Chase on both mortgages.

17. Chase agreed to the terms of this sale on January 15, 2009, and further agreed to release all security interests and forgive any deficiency balances.

18. At the time of this sale, Plaintiff was not in default on either Chase mortgage.

19. This sale was completed on January 28, 2009.

20. On April 21, 2009, in letters sent to Plaintiff, Chase confirmed that both mortgages would be reported as "settled, as of January 28, 2009." These letters made no reference to a status of "charge-off" or "collections."

21. In approximately June 2010, Plaintiff received multiple communications from a debt collector, Professional Recovery Services, Inc. ("PRS"), regarding the second mortgage with Chase Home Finance.

22. On information and belief, PRS was assigned and/or sold the second mortgage account by Chase.

23. Plaintiff sent proof of the sale of the property and the settlement of the second mortgage debt to RRS, who then ceased communication with Plaintiff.

24. On September 29, 2010, Plaintiff received a letter from Chase informing him that the second mortgage account would now be reporting as "charge off, now closed."

25. In January, 2011, Plaintiff reviewed his consumer credit reports through a third party credit monitoring system, and noticed that the Chase second mortgage account was reporting a status of "charge off" or "paid after charge off/collection" on both his Equifax and TransUnion consumer reports.

26. On January 14, 2011, Plaintiff sent a letter to Equifax disputing the status of the Chase second mortgage account, explaining why the status was incorrect, providing documentation to support his dispute, and requesting the status of this Chase account be corrected to "paid in settlement."

27. Equifax responded to Plaintiff's dispute by verifying the status of the Chase account as "charge off."

28. On January 14, 2011, Plaintiff sent a letter to TransUnion disputing the status of the Chase second mortgage account, explaining why the status was incorrect, providing documentation to support his dispute, and requesting the status of this Chase account be corrected to "paid in settlement."

29. TransUnion responded to Plaintiff's dispute by verifying the status of the Chase account as "paid after charge off/collection."

30. On March 17, 2011, Plaintiff sent a letter to Equifax disputing the status of the Chase second mortgage account, explaining why the status was incorrect, providing documentation to support his dispute, and requesting the status of this Chase account be corrected to "paid in settlement."

31. Equifax responded to Plaintiff's dispute by verifying the status of the Chase account as "charge off."

32. On March 17, 2011, Plaintiff sent a letter to TransUnion disputing the status of the Chase second mortgage account, explaining why the status was incorrect, providing documentation to support his dispute, and requesting the status of this Chase account be corrected to "paid in settlement."

33. TransUnion responded to Plaintiff's dispute by verifying the status of the Chase account as "charge off."

34. On information and belief, Equifax, failed to conduct a reasonable reinvestigation of the information in Plaintiff's credit file.

35. On information and belief, Equifax failed to consider the information that the plaintiff provided, including documentation of the completed sale on the second mortgage account and the initial communication from Chase that the account should be reported as "settled as of January 28, 2009."

36. On information and belief, Equifax failed to remove or update unverifiable or inaccurate information.

37. On information and belief, TransUnion failed to conduct a reasonable reinvestigation of the information in Plaintiff's credit file.

38. On information and belief, TransUnion failed to consider the information that the Plaintiff provided, including documentation of the completed sale on the second mortgage account and the initial communication from Chase that the account should be reported as "settled as of January 28, 2009."

39. On information and belief, TransUnion failed to remove or update unverifiable or inaccurate information.

40. On information and belief, Chase failed to conduct a reasonable reinvestigation with regard to the tradeline they were reporting after notice of dispute from a Consumer Reporting Agency.

41. On information and belief, Chase failed to consider all relevant information with regard to the tradeline they were reporting after notice of dispute from a Consumer Reporting Agency.

42. On information and belief, Chase failed to update the information with regard to the unverifiable or inaccurate information with regard to the tradeline they were reporting after notice of dispute from a Consumer Reporting Agency.

43. As a result of the actions and inactions of the defendants, the Plaintiff suffered damages, including but not limited to mental and emotional distress from frustration, anger, confusion, shame, humiliation, embarrassment.

### COUNT ONE:
### CLAIM FOR RELIEF
### (Defendants Equifax TransUnion ONLY)
### 15 U.S.C. §1681i(a)(1)

44. Plaintiff restates and re-alleges all previous paragraphs herein.

45. Defendants have violated 15 U.S.C. §1681i(a)(1) in that they failed to conduct a reasonable reinvestigation, and "parroted" the information provided by the furnisher.

46. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress for the plaintiff.

47. Defendants have done so either negligently or willfully.

48. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

49. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### COUNT TWO:
### CLAIM FOR RELIEF
### (Defendants Equifax and TransUnion ONLY)
### 15 U.S.C. §1681i(a)(4)

50. Plaintiff restates and re-alleges all previous paragraphs herein.

51. Defendants have violated 15 U.S.C. §1681i(a)(4) in that they failed to review and consider all relevant information submitted by the consumer.

52. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress for the plaintiff.

53. Defendants have done so either negligently or willfully.

54. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

55. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

### COUNT THREE:
### CLAIM FOR RELIEF
### (Defendants Equifax and TransUnion ONLY)
### 15 U.S.C. §1681i(a)(5)

56. Plaintiff restates and re-alleges all previous paragraphs herein.

57. Defendants have violated 15 U.S.C. §1681i(a)(5) in that they failed to delete unverifiable or inaccurate information.

58. Defendants have caused injury in fact, by causing, among other effects, mental and emotional distress for the plaintiff.

59. Defendants have done so either negligently or willfully.

60. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

61. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## COUNT FOUR:
## CLAIM FOR RELIEF
### (Defendant Chase ONLY)
### 15 U.S.C. §1681s-2(b)(1)(A)

62. Plaintiff restates and re-alleges all previous paragraphs herein.

63. Defendant Chase has violated 15 U.S.C. §1681s-2(b)(1)(A) in that they failed to conduct a reasonable reinvestigation of information forwarded to them by a Consumer Reporting Agency.

64. Defendant has caused injury in fact, by causing, among other effects, mental and emotional distress for the plaintiff.

65. Defendant has done so either negligently or willfully.

66. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

67. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## COUNT FIVE:
## CLAIM FOR RELIEF
### (Defendant Chase ONLY)
### 15 U.S.C. §1681s-2(b)(1)(B)

68. Plaintiff restates and re-alleges all previous paragraphs herein.

69. Defendant has violated 15 U.S.C. §1681s-2(b)(1)(B) in that they failed to consider all relevant information forwarded to them by the consumer reporting agencies.

70. Defendant has caused injury in fact, by causing, among other effects, mental and emotional distress for the plaintiff.

71. Defendant has done so either negligently or willfully.

72. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

73. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## COUNT SIX:
## CLAIM FOR RELIEF
## (Defendant Chase ONLY)
## 15 U.S.C. §1681s-2(b)(1)(E)

74. Plaintiff restates and re-alleges all previous paragraphs herein.

75. Defendant has violated 15 U.S.C. §1681s-2(b)(1)(E) in that they failed to have a procedure to (i) modify the information in their system, (ii) delete the in accurate or unverifiable information, or (iii) block the re-reporting of inaccurate or unverifiable information.

76. Defendant has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to the plaintiff.

77. Defendant has done so either negligently or willfully.

78. Plaintiff is entitled to actual damages, punitive damages, attorney fees and costs pursuant to 15 U.S.C. §1681o.

79. Alternatively, plaintiff is entitled to actual damages, attorney fees and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

WHEREFORE, the plaintiff, by counsel moves for judgment in an amount to be determined by a finder of fact for actual damages, punitive damages, attorney fees, and costs.

CHARLES P. FERRER

by: Joelle E. Gotwals, Esq., VSB#76779
jgotwals@krumbeinlaw.com
Jason M. Krumbein, Esq. VSBN 43538
jkrumbein@krumbeinlaw.com
Krumbein Consumer Legal Services, Inc.
Counsel for Plaintiff
5310 Markel Road, Suite 102
Richmond, VA 23230
Telephone: 804-303-0204
Fax: 804-303-0209